IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNA WAUNEKA,

        Plaintiff,

v.                                                                                            CIV No. 14-0942 KG/SCY

UNITED STATES OF AMERICA,

        Defendant.

## ORDER

THIS MATTER having come before the Court on Defendant United States' Motion to Dismiss and to Transfer Case to Proper Venue, filed on February 23, 2015. (Doc. 15).  Having reviewed the motion; Plaintiff's Response (Doc. 20), filed March 12, 2015; Defendant's Reply (Doc. 23), filed April 3, 2015; and Plaintiff's Surreply (Doc. 30) filed on May 13, 2015, in accord with my Order (Doc. 29), I DENY the motion in part and GRANT the motion in part.

Section 1402(b) of Title 28 provides, "Any civil action on a tort claim against the United States under subsection (e) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides *or* wherein the act or omission complained of occurred." (Emphasis added).  Plaintiff is a resident of St. Michael's, Arizona.  (Doc. 15-1).  Based on Plaintiff's residence alone, venue would be proper in the judicial district of Arizona.

Plaintiff also alleges, however, that the tortious acts occurred both in the judicial district of Arizona and in the judicial district of New Mexico.  Plaintiff alleges in her Claim, (Doc. 15-1) a series of visits to Fort Defiance Indian Hospital (FDIH), located in Fort Defiance, Arizona, and to

the Gallup Indian Medical Center, located in Gallup, New Mexico. Specifically, Plaintiff alleges the following:

  On August 12, 2012, she went to the FDIH and reported "severe back pain." Her abdominal area was examined by ultrasound with negative results and her thoracic spine was examined by x-ray, which showed "degenerative changes at T11-T-12."

  On August 17, 2012, Plaintiff returned to FDIH with "10/10 back pain," and was told she had a "urinary tract infection" and was given antibiotic medication and released.

  On August 18, 2012, Plaintiff "went to GIMC. She continued to have 10/10 back pain. She was given some pain medication and discharged."

  On August 23, 2012, Plaintiff returned to FDIH with back pain "so severe she was had not been able to sleep." She requested MRI but presumably that was declined and instead she was given pain medication.

  On September 3, 2012, Plaintiff returned to FDIH complaining of "severe back pain." She requested an MRI again and again she was given pain medication, instructed to follow up with another doctor, and discharged.

  On September 5, 2012, Plaintiff returned to FDIH complaining of "severe back pain." She reported only temporary relief from medication and loss of sleep. She was recommended an orthopaedic evaluation. She again requested and MRI, "but that was deferred to the orthopaedic provider."

  On September 6, 2012, Plaintiff went to an "Ortho Clinic as a walk-in" complaining about a "popping in her mid-back." She was examined and "reassured there was no need for an MRI." It is not clear from the record before me in which judicial district the clinic is located, but the

Declaration of Cynthia Garcia references a visit to FDIH on September 6, 2012.   (Doc. 15-3, para. 4).

On September 18, 2012, Plaintiff went to FDIH for physical therapy.

On October 9, 2012, Plaintiff returned to FDIH complaining of "ever-present pain."   She requested an MRI, and was told there was no need for an MRI.

On November 23, 2012, Plaintiff returned to GIMC complaining of back pain, was provided Baclofan and Naproxin and discharged.

On December 3, 2012, Plaintiff went to FDIH emergency department with symptoms of pneumonia.   The results of a chest e-ray showed "...progressive significant abnormal anterio wedging of T12 vertebrae and intervertebral narrowing.   These finding are highly concerning for progressive worsening discitis/osteomyelitis with vertebral body collapse vs. tramatic compression fracture with further collapse of the T12 vertebrae.   Further evaluation with MRI of the lumbar spine with and without contrast is recommended."   On the same date, an MRI showed "...significant marrow edema throughout T11 and T12 vertebral bodies with extension into left pedicles" with "considerable collapse (>25% loss of height" primarily of the anterior aspect of T12."   "There is significant intervertebral disk space at narrowing of the T11-T12 level with irregularity and erosive changes of the inferior endplate of T11 and superior endplate of T12."   A final impression included "Findings consistent with considerable active/chronic discitis/osteomyelitis of T11-T12 with resultant considerable anterior body collapse...".   In addition, a radiologist stated. "...more than likely chronic...the patient has not complained of any back pain...."

In full view of Plaintiff's residence and the allegations in her complaint, (Doc. 15-1), I find insufficient "act[s] or omission[s] occurring in the judicial district of New Mexico to find venue is more appropriate here than in the judicial district of Arizona.

A district court may dismiss or transfer a case to any district in which it could have been brought. 28 U.S.C. 1406(a). The decision of whether to dismiss or transfer a case is within the sound discretion of the district court. *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). In deciding whether to dismiss or transfer a case, the determining question is whether a transfer is in the interest of justice. Section 1406(a). I find that a transfer of this case to the judicial district of Arizona is in the interest of justice.

As a result, I deny the motion insofar as the United States seeks a dismissal. In addition, I grant the motion insofar as the United States seeks a transfer.

IT IS THEREFORE ORDERED that the Clerk shall transfer this case to the district of Arizona.

_____
UNITED STATES DISTRICT JUDGE

.